UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| LG ELECTRONICS USA, INC. and<br>LG ELECTRONICS, INC.,<br><br>       Plaintiffs,<br><br>  v.<br><br>UNITED STATES, THE UNITED STATES<br>INTERNATIONAL TRADE COMMISSION and<br>SECRETARY LISA R. BARTON IN THEIR<br>PROFESSIONAL CAPACITY AS THE<br>SECRETARY OF THE UNITED STATES<br>INTERNATIONAL TRADE COMMISSION,<br><br>       Defendants. | Court No. 21-00520 |

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
<u>AMENDED AND SUPPLEMENTAL COMPLAINT</u>**

## TABLE OF CONTENTS

I.      Introduction .......................................................................................................... 1

II.     Standard of Review .............................................................................................. 2

III.    The Court Lacks Jurisdiction Over the Subject Matter of Plaintiffs' Amended
        and Supplemental Complaint Pursuant to 28 U.S.C. § 1581(i) .................................... 3

IV.     Even if the Court Possesses Jurisdiction Pursuant to 28 U.S.C. § 1581(i), the
        Plaintiffs' Claim is Not Immediately Reviewable Because it is Premature .............. 12

        A.      There Has Been No Justiciable Final Agency Action ...................................... 12

        B.      Plaintiffs' Claim is Not Ripe ........................................................................ 14

V.      Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted .............. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aluminum Extrusions Fair Trade Comm. v. United States*,
968 F. Supp. 2d 1244 (Ct. Int'l Trade 2014) ........................................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................................................................2

*Bioparques de Occidente, S.A. de C.V. v. United States*,
470 F. Supp. 3d 1366 (Ct. Int'l Trade 2020) ........................................................................16

*Califano v. Sanders*,
430 U.S. 99 (1977) ...................................................................................................................9

*Community Broadcasting of Boston, Inc. v. FCC*,
546 F.2d 1022 (D.C.Cir.1976) ..............................................................................................13

*Conoco, Inc. v. United States Foreign Trade Zones Board*,
18 F.3d 1581 (Fed. Cir. 1994) .................................................................................................8

*Corus Group PLC v. ITC*,
217 F. Supp. 2d 1347 (Ct. Int'l Trade 2002), aff'd 352 F. 3d 1351 (Fed. Cir.
2003) ....................................................................................................................................6, 7

*Corus Grp. PLC v. Int'l. Trade Comm'n*,
352 F.3d 1351 (Fed. Cir. 2003) .......................................................................................3, 6, 9

*Dalton v. Specter*,
511 U.S. 462, 114 S.Ct. 1719 (1994) .....................................................................................11

*Fedmet Resources Corp v. United States*,
77 F. Supp. 3d 1336 (Ct. Int'l Trade 2015) ..........................................................................12

*Franklin v. Massachusetts*,
505 U.S. 788, 112 S.Ct. 2767 (1992) .....................................................................................11

*Funai Elec. Co., Ltd. v. United States*,
33 CIT 1496, 645 F. Supp. 2d 1351 (2009) ............................................................................8

*Henke v. United States*,
60 F.3d 795 (Fed. Cir. 1995) ...................................................................................................2

## TABLE OF AUTHORITIES (cont'd)

**Cases (cont'd)**

*Koyo Seiko Co., Ltd. et al. v. United States*,
    13 CIT 461, 464, 715 F. Supp. 1097 (1989) ..................................................4, 11, 15

*Law Offices of Seymour M. Chase, P.C. v. F.C.C.*,
    843 F.2d 517 (D.C. Cir. 1988) ..................................................................13, 17

*Lujan v. Nat'l Wildlife Fed.*,
    497 U.S. 871 (1990) ......................................................................................9

*Maple Leaf Fish Co. v. United States*,
    5 CIT. 275, 566 F. Supp. 899 ................................................................7, 8

*Maple Leaf Fish Co. v. United States*,
    762 F.2d 86 (Fed. Cir. 1985) ..........................................................3, 7, 8

*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178 (1936) ......................................................................................2

*Michael Simon Design, Inc. v. United States*,
    609 F.3d 1335 (Fed. Cir. 2010) ..........................................................9, 10

*Milecrest Corp. v. United States*,
    264 F. Supp. 3d 1353 (Ct Int'l Trade 2017) ..........................................17

*United States v. Mitchell*,
    445 U.S. 535 (1980) ......................................................................................3

*Mohawk Indu., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ....................................................................................18

*Motion Sys. Corp. v. Bush*,
    437 F.3d 1356 (Fed. Cir. 2006) (en banc) ..........................................3, 10

*Nat'l Park Hosp. Ass'n v. Dep't of Interior*,
    538 U.S. 803 (2003) ....................................................................................14

*United States v. Nippon Miniature Bearing, Inc.*,
    22 CIT 147, 3 F. Supp.2d 1448 (1998) ................................................2, 3

*NSK Ltd. v. United States*,
    350 F. Supp. 2d 1128 (Ct. Int'l Trade 2004) ..................................11, 15

# **TABLE OF AUTHORITIES**

**Cases (cont'd)**

*Richardson–Merrell, Inc. v. Koller,*
    472 U.S. 424 (1985) ................................................................................13, 17

*Ruckelshaus v. Sierra Club,*
    463 U.S. 680 (1993) ...............................................................................................3

*Silfab Solar, Inc. v. United States,*
    892 F.3d 1340 (Fed. Cir. 2018) .........................................................................3, 7

*Tel Sanayi A.S. v. United States,*
    483 F. Supp. 3d 1370 (Ct. Int'l Trade 2020) ......................................................15

*Tianjin Magnesium Co. Ltd. v. United States, 32 CIT 1 (2008)*
    32 CIT 1 (2008) ..............................................................................................11, 15

*Thomas v. Union Carbide Agric. Prods. Co.,*
    473 U.S. 568 (1985) .............................................................................................14

*Tokyo Kikai Seisakusho, Ltd. v. United States,*
    29 CIT 1380, 403 F. Supp. 2d 1287 (2005) ...................................................11, 14

*U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce,*
    413 F.3d 1344 (Fed. Cir. 2005) ..........................................................................10

*Universal Steel Prods., Inc. v. United States,*
    495 F. Supp. 3d 1336 (Ct. Int'l Trade 2021) ......................................................13

*Yancheng Baolong Biochem. Prods. Co., Ltd. v. United States,*
    406 F.3d 1377 (Fed. Cir. 2005) ............................................................................2

**Statutes**

5 U.S.C. § 704 .................................................................................9, 10, 11, 12, 17

5 U.S.C. § 706 ..........................................................................................................12

19 U.S.C. § 2253(e)(1)(B)(i) ...................................................................................10

19 U.S.C. §§ 2254(c) .........................................................................................10, 15

19 U.S.C. §§ 3005, 3006(a) .....................................................................................10

28 U.S.C. 1581(i) .......................................................................................................3

# **TABLE OF AUTHORITIES**

**Statutes (cont'd)**

28 U.S.C. 1581(f) ...........................................................................................12

28 U.S.C. § 1581(i) ..................................................................................... *passim*

28 U.S.C. §§ 1581(i)(1)(A)-(D) sections 1581(i)(1)(A)-(C) ..................................4, 6, 8

28 U.S.C. § 1581(i)(1)(D) .............................................................................1, 4, 6, 8

28 U.S.C. § 1581(i)(1)(D), through section 1581(i)(1)(B) ..................................1

28 U.S.C. § 1581(a) ...........................................................................................8

28 U.S.C. §§ 1581(a)-(h) ................................................................................4, 6, 8

28 U.S.C. § 2631(i) .........................................................................................8, 9

19 USC §§ 1677f(c)(2) ..................................................................................12, 14

296 of the Trade Act of 1974 (19 U.S.C. 2401b) ...........................................5

United States-Mexico-Canada Implementation Act. Public Law 116-113 section
423 (Jan. 29, 2020)....................................................................................4

**Other Authorities**

Rule 12(b)(1)...................................................................................................1

Rule 12(b)(6)...................................................................................................17

Rules 12(b)(1) and 12(b)(6) ...........................................................................1

*Staff Biographies* at www.curtis.com ..............................................................16

## I.     Introduction

Pursuant to Rules 12(b)(1) and 12(b)(6) of the rules of this Court, defendant, U.S. International Trade Commission ("Commission"), respectfully requests that the Court dismiss the complaint filed by Plaintiffs, LG Electronics U.S. Inc. and LG Electronics Inc. (collectively LG) for lack of subject-matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief may be granted.

Plaintiffs' amended and supplemental complaint seeks to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(D), through section 1581(i)(1)(B).  Plaintiffs' Amended and Supplemental Complaint at ¶ 11.  However, nothing in any action the Commission has taken in this extension investigation has affected "tariffs, duties, fees, or other taxes on the importation of merchandise," which is a necessary predicate to invoke the claimed jurisdiction under 28 U.S.C. § 1581(i)(1)(D).  Nor is there even a final Commission determination or Presidential decision as to whether to extend the safeguard measure.  Further, even if there were some remote future basis for jurisdiction, Plaintiffs' claim cannot be ripe for any possible judicial review prior to the Commission's rendering of its determination and the President's decision regarding extension of the safeguard measure.

If, however, the Court determines that it does possess subject matter jurisdiction, it should nonetheless dismiss Plaintiffs' complaint and motion for failure to state a claim for which relief can be granted.  This is because LG has failed to identify a final agency action or show that it is adversely affected by the conditions the Commission Secretary has placed on Curtis Mallet's access to the administrative protective order.

As a result, we respectfully request that the Court dismiss this action pursuant to Rule 12 (b)(1), or alternatively 12(b)(6), of the Rules of this Court.

II.	**Standard of Review**

When deciding a motion to dismiss based on either lack of subject matter jurisdiction or

failure to state a claim upon which relief can be granted, this Court assumes that all undisputed

facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's

favor.  *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).  The Court decides

whether the plaintiff has raised factual allegations enough "to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

To survive a motion to dismiss, a complaint (and by extension, here the supporting brief) must

contain sufficient factual matter, accepted as true, to "state a claim [of] relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

If a defendant challenges the jurisdiction of the Court, the plaintiff cannot rely merely

upon allegations in the complaint, but must instead bring forth relevant, competent proof to

establish jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).  For

a waiver of sovereign immunity, the Court's jurisdiction pursuant to section 1581 is strictly

construed, and any ambiguities must be resolved in favor of immunity.  *See Yancheng Baolong*

*Biochem.  Prods. Co., Ltd. v. United States*, 406 F.3d 1377, 1382 (Fed. Cir. 2005) (waiver of

sovereign immunity under section 1581 must be unequivocally expressed and may not be

implied).

"On a motion to dismiss for failure to state a claim, the court assumes 'all well-pled

factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant,' ...

and inquires whether the complaint sets forth facts sufficient to support a claim."  *United States*

*v. Nippon Miniature Bearing, Inc.*, 22 CIT 147, 148, 3 F. Supp.2d 1448, 1450 (1998) *quoting*

*Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991).  "To determine the

2

sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint and documents incorporated in the complaint by reference." *Id.*

To the extent the Court has any jurisdiction at all to review Commission injury-related determinations in safeguard investigations and any resulting Presidential action, the role of this Court is "very limited." *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89 (Fed. Cir. 1985). The Federal Circuit has explained that judicial review is limited to review a President's action imposing section 201 safeguards for a "clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated legal authority." *Maple Leaf Fish Co. v. United States*, 762 F.2d at 89 (citing *Sneaker Circus, Inc. v. Carter*, 566 F.2d 396, 401-402 (2d Cir. 1977)). As the Federal Circuit also has explained, such non-statutory review of Presidential action for violation of a statute is "only rarely available." *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1346 (Fed. Cir. 2018); *see also Corus Grp. PLC v. Int'l. Trade Comm'n*, 352 F.3d 1351, 1356, 167 (Fed. Cir. 2003) (highlighting that review is available to determine whether the President ''clear[ly] misconstru[ed]'' his statutory authority); *Motion Sys. Corp. v. Bush*, 437 F.3d 1356, 1361 (Fed. Cir. 2006) (en banc) (explaining that courts may consider whether ''the President has violated an explicit statutory mandate'').

## III.    The Court Lacks Jurisdiction Over the Subject Matter of Plaintiffs' Amended and Supplemental Complaint Pursuant to 28 U.S.C. § 1581(i)

The Court's jurisdiction pursuant to 28 U.S.C. § 1581(i) is narrow and, as a waiver of sovereign immunity, is strictly construed. *See generally Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1993); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "'[W]hile Congress contemplated that there would be some civil actions relating to an antidumping duty proceeding which could be heard pursuant to 28 U.S.C. 1581(i), it intended that this section should not be

used to permit the appeal of a procedural determination, but rather, that all procedural

considerations should be decided by this court when the final agency determination is made.'"

*Koyo Seiko Co., Ltd. et al. v. United States*, 13 CIT 461, 464, 715 F. Supp. 1097, 1100 (1989)

(quoting *PPG Indus. Inc. v. United States*, 2 CIT 110, 112-113, 525 F. Supp. 883, 885 (1981)).

　　　Plaintiffs premise jurisdiction on § 1581(i)(1)(D) (Plaintiffs' Amended and Supplemental

Complaint, ¶ 11), which describes the Court of International Trade's residual jurisdiction over

"administration and enforcement with respect to the matters referred to in subparagraphs (A)-(C)

of this paragraph and subsections (a)-(h) of this subsection."  § 28 U.S.C. 1581(i)(1)(D).

Therefore, by the plain terms of the statute, section 1581(i)(1)(D) can be invoked only with

respect to matters falling in the first instance under sections 1581(i)(1)(A)-(C)[1] or sections

1581(a)-(h) of the statute.[2] That is not the case here.  Plaintiffs' allegations in the amended and

---

[1] 28 U.S.C. §§ 1581(i)(1)(A)-(D) provide in relevant part that the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(A) revenue from imports or tonnage;
(B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
(C) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
(D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section.

(These provisions were previously listed as sections 1581(i) (1)-(4).  They were renumbered as sections 1581 (i)(1)(A)-(D) in 2020, pursuant to section 423 of the United States-Mexico-Canada Implementation Act.  Public Law 116-113 (Jan. 29, 2020)).

[2] 28 U.S.C. §§ 1581(a)-(h) provides in relevant part:
　　(a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.
　　(b) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516 of the Tariff Act of 1930.

supplemental complaint cannot come within the purview of sections 1581(i)(A)-(C) since, on

their face, they do not "arise out of" of laws providing for "revenue from imports or tonnage"

(section 1581(i)(1)(A)), "tariffs, duties, fees or other taxes .  . . on the importation of

---

(c) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A or 517 of the Tariff Act of 1930.

(d) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review--

(1) any final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 with respect to the eligibility of workers for adjustment assistance under such Act;

(2) any final determination of the Secretary of Commerce under section 251 of the Trade Act of 1974 with respect to the eligibility of a firm for adjustment assistance under such Act;

(3) any final determination of the Secretary of Commerce under section 273 of the Trade Act of 1974 with respect to the eligibility of a community for adjustment assistance under such Act; and

(4) any final determination of the Secretary of Agriculture under section 293 or 296 of the Trade Act of 1974 (19 U.S.C. 2401b) with respect to the eligibility of a group of agricultural commodity producers for adjustment assistance under such Act.

(e) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review any final determination of the Secretary of the Treasury under section 305(b)(1) of the Trade Agreements Act of 1979.

(f) The Court of International Trade shall have exclusive jurisdiction of any civil action involving an application for an order directing the administering authority or the International Trade Commission to make confidential information available under section 777(c)(2) of the Tariff Act of 1930.

(g) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review--

(1) any decision of the Secretary of the Treasury to deny a customs broker's license under section 641(b)(2) or (3) of the Tariff Act of 1930, or to deny a customs broker's permit under section 641(c)(1) of such Act, or to revoke a license or permit under section 641(b)(5) or (c)(2) of such Act;

(2) any decision of the Secretary of the Treasury to revoke or suspend a customs broker's license or permit, or impose a monetary penalty in lieu thereof, under section 641(d)(2)(B) of the Tariff Act of 1930; and

(3) any decision or order of the Customs Service to deny, suspend, or revoke accreditation of a private laboratory under section 499(b) of the Tariff Act of 1930.

(h) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, drawbacks, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

merchandise for reasons other than the raising of revenue (section 1581(i)(1)(B)), or "embargoes or other quantitative restrictions. . . " (section 1581(i)(1)(C)).[3] The thrust of Plaintiffs' single count amended and supplemental complaint is that the Secretary's denial of APO access to four attorneys from the Curtis Mallet law firm while granting access to four other likewise experienced attorneys was arbitrary and capricious under the applicable regulations for APO access.  *See* Plaintiffs' Amended and Supplemental Complaint at ¶¶ 78-82.  The merits of Count One of the amended and supplemental complaint turn solely on the Secretary's application of her discretion to condition Curtis Mallet's APO access.  This does not bear any substantive connection to tariffs or duties or any other matters specified in sections 1581(i)(1)(A)-(C) or sections 1581(a)-(h) of the statute.  In short, no persuasive reading of section 1581(i)(1)(D), or indeed of any of the jurisdictional provisions under section 1581, supports the Court's exercise of jurisdiction over Count One of the amended and supplemental complaint.

In addition to ignoring the statute, Plaintiffs mistakenly rely upon *Corus Group PLC v. ITC*, 217 F. Supp. 2d 1347 (Ct. Int'l Trade 2002), aff'd 352 F. 3d 1351 (Fed. Cir. 2003).  *See* Plaintiffs' Br. at 6-7 & 8-9.  In *Corus Group*, the Federal Circuit invoked section 1581(i) jurisdiction only where an affirmative Commission determination triggered the President's legal authority to act, which the President did by subsequently issuing a presidential proclamation imposing safeguard duties.  352 F.3d at 1357-60.[4]  In the instant safeguard extension

---

[3] In their amended and supplemental complaint, Plaintiffs claim that there is jurisdiction pursuant to 28 U.S.C. 1581(i)(1)(D).  *See* Plaintiffs' Amended and Supplemental Complaint at ¶ 11.  Plaintiffs do not claim jurisdiction under sections 1581(a)-(h) and therefore these statutory provisions are inapposite here.

[4] *Corus Group* involved a claim that the President's "escape clause" proclamation concerning safeguards on imported steel products was invalid as to tin mill steel products because the ITC's injury determination as to those products was not supported by three votes and therefore was a negative determination, not an affirmative injury determination as required for a

investigations, however, the Commission has not made its determination concerning the necessity for continued safeguard relief, nor has the President taken action to extend the safeguard measure or declined to take any action so as to let the measure expire.  Accordingly, the types of conditions that the Federal Circuit found were satisfied for purposes of invoking section 1581(i) jurisdiction in *Corus Group* are not present here.

Equally unavailing is Plaintiffs' reliance on *Silfab Solar, Inc. et al. v. United States*, 892 F.3d 1340 (Fed. Cir. 2018).  *See* Plaintiffs' Br. at 6, 9.  As in *Corus Group*, the Federal Circuit in *Silfab* found section 1581(i) jurisdiction under narrow circumstances.  Specifically, in *Silfab,* the Commission had made a serious injury determination and made recommendations to the President, leading to a subsequent presidential proclamation imposing safeguard duties.  892 F.3d 1340 at 1344.[5]  Again, neither those conditions nor similar ones are present here to allow for invocation of section 1581(i) jurisdiction.

Nor is jurisdiction shown by Plaintiffs' reliance on the Court of International Trade's decision in *Maple Leaf Fish Co. v. United States*, 5 CIT. 275, 566 F. Supp. 899 (1983), aff'd 762 F.2d 86 (Fed. Cir. 1985).  *See* Plaintiffs' Br. at 7-8.  *Maple Leaf* involved a claim that an escape clause presidential proclamation concerning safeguards on imported ''mushrooms, prepared or

---

valid safeguard measure under sections 201-203 of the Trade Act of 1974.  352 F.2d at 1353.  In *Corus Group*, the Federal Circuit affirmed, in relevant part, the judgment of the CIT, which was based on a conclusion that three commissioners had in fact voted in favor of an affirmative injury finding as to the tin mill products.  *Id*. at 1361–64. The Federal Circuit in *Corus Group* also concluded that, contrary to the plaintiffs' claim, the Commission's determination was adequately explained.  *Id*. at 1364.

[5] *Silfab* involved a claim that the President's "escape clause" proclamation on certain crystalline silicon photovoltaic cells was invalid because the Commission purportedly failed to reach a remedy recommendation that was on behalf of the Commission as a whole.  296 F. Supp. 3d at 1302.  In *Silfab*, the Federal Circuit affirmed the CIT's denial of a preliminary injunction, which was based on the conclusion that the claimed procedural defect did not confine the discretion of the President to order the safeguard measure and therefore plaintiffs' claim was judicially unreviewable.  892 F.3d at 1348-49.

preserved'' was based on an ITC injury finding that did not apply to frozen mushrooms, the product plaintiff imported.  5 CIT. at 277, 566 F. Supp.  at 902; 762 F.2d at 87-88.  The *Maple Leaf* plaintiff filed a Customs protest against liquidations assessing supplemental duties on its imported frozen mushrooms, and Customs denied the protest.  762. F.2d at 88.  The Court of International Trade thus found it had subject matter jurisdiction under 28 U.S.C. § 1581(a), the provision that applies to contested denials of protests.  5 CIT. at 278, 566 F. Supp. at 902.  Having found jurisdiction under subsection (a), the Court rejected Maple Leaf's alternative reliance on 28 U.S.C. § 1581(i).  *Id*. at n.3.[6]  Hence, the *Maple Leaf* case does not provide support for LG's claim of section 1581(i) jurisdiction.

Plaintiffs also mistakenly contend that there is subject matter jurisdiction pursuant to 28 U.S.C. § 2631(i).  *See* Plaintiffs' Br. at 9; Plaintiffs' Amended and Supplemental Complaint at ¶¶ 12, 14.  Plaintiffs overlook that jurisdiction under section 1581(i) is constrained by section

---

[6] In affirming the judgment of the Court of International Trade, the Federal Circuit in *Maple Leaf* observed that the issue of the CIT's jurisdiction was not challenged on appeal and the Federal Circuit did not address the issue.  762 F.2d at 88 n.2.  The other cases cited by Plaintiffs are inapposite.  S*ee* Plaintiffs' Br. at 7.  For the most part, these cases stand for the broad proposition articulated in *Maple Leaf* and that preclusion of judicial review should not be lightly inferred.  *Maple Leaf*, 5 CIT at 278, 566 F. Supp. at 902.  But none of these cases explain how there could be a basis under 28 U.S.C. § 1581(i) to find jurisdiction over the claim Plaintiff makes here.  For example, *Conoco, Inc. v. United States Foreign Trade Zones Board*, 18 F.3d 1581 (Fed. Cir. 1994) involved a challenge to the Foreign Trade Zone Board's imposition of conditions on the certification of Foreign Trade Zone status to refineries operated by an oil refiner and an operator of a foreign trade zone.  18 F.3d at 1582-83.  As the Federal Circuit explained in *Conoco*, there was jurisdiction under section 1581(i)(1)(A) since the Plaintiffs in *Conoco* had challenged issues related to "revenues from imports or tonnage," which is not invoked by Plaintiffs in this case as a basis for section 1581(i) jurisdiction.  18 F.3d at 1588-1589.  Moreover, in *Funai Elec. Co., Ltd. v. United States*, 33 CIT 1496, 645 F. Supp. 2d 1351 (2009), this Court rejected the plaintiffs' argument that there was section 1581(i)(1)(D) jurisdiction under *Conoco* where, as here, the plaintiffs had not challenged administration or enforcement of matters otherwise specified in sections 1581(i)(1)(A)-(C) or sections 1581(a)-(h) of the statute.  33 CIT at 1502, 645 F. Supp. 2d at 1356.

2631(i), this Court's standing statute, which states: "Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." 28 U.S.C. § 2631(i).  Thus, rather than providing a basis for jurisdiction, section 2631(i) limits jurisdiction under section 1581(i) by codifying the "injury in fact" requirement for standing under Article III of the Constitution. Additionally, section 2631(i) limits the availability of jurisdiction under section 1581(i) to actions "within the meaning of section 702 of title 5." *Id.*  Because plaintiffs cannot avail themselves of the Administrative Procedure Act (APA), for the reasons discussed below, they cannot rely upon this Court's jurisdictional or standing statutes to support jurisdiction.

Specifically, Plaintiffs cannot invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1581(i) because that provision is limited to APA claims, which are not available to Plaintiffs in this case. *See Corus Grp. PLC. v. Int'l Trade Comm'n,* 352 F.3d at 1359; *Michael Simon Design, Inc. v. United States*, 609 F.3d 1335, 1340 n.1 (Fed. Cir. 2010).  The APA by itself does not confer subject matter jurisdiction in any court. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977).  Rather, Plaintiffs may commence suit in this Court pursuant to 28 U.S.C. § 1581(i) only if they have been "adversely affected or aggrieved by agency action within the meaning of section 702" of the APA.  28 U.S.C. § 2631(i).  Even for judicial review under the APA, there must be a "final agency action." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 882 (1990) (citing 5 U.S.C. § 704) (Under section 10(a) of the APA, "the person claiming a right to sue must identify some 'agency action' that affects him in the specified fashion . . . When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'").

9

If the contested action is more like a "threshold determination," than a final agency action, the case is not ripe for review and must be dismissed. *U.S. Ass'n of Importers of Textiles & Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1349 (Fed. Cir. 2005) (citing *Fed. Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232 (1980) and *Abbott Lab. v. Gardener*, 387 U.S. 136 (1967)).  As the Federal Circuit has explained, "the mere 'burden'" of waiting until the conclusion of administrative proceedings is insufficient in kind and legal effect to constitute "'final agency action.'" *U.S. Ass'n of Importers of Textiles & Apparel*, 413 F.3d at 1349-50.

It is indisputable that, in the instant safeguard extension investigation, the Commission has not yet made any findings as to the necessity of continuing the safeguard measure and as to whether the industry is making a positive adjustment to import relief.  And consequently, neither has the President made findings as to these factors, let alone taken action to extend the safeguard measure or declined to take any action so as to let the measure expire.  *See* 19 U.S.C. §§ 2254(c); 2253(e)(1)(B)(i).  Just as an affirmative Commission decision on serious injury is a necessary predicate for the President's authority to act to issue a safeguard measure in the first instance, an affirmative Commission determination addressing the criteria for extension of the measure is a necessary predicate to the President's authority to extend the safeguard measures.  19 U.S.C. § 2253(e)(1)(B)(i).  *See Motion Systems,* 437 F.3d 1356, 1358-59*; Michael Simon Design,* 609 F.3d at 1343 (citing *Corus Grp. PLC. v. Int'l Trade Comm'n,* 352 F.3d 1351, 1353-54 (Fed. Cir. 2003)).  Even the Commission's ultimate determination on the extension criteria will not be sufficient to establish jurisdiction under the established case law. *See, e.g.*, *Michael Simon Design*, 609 F.3d at 1339 (holding that Commission's act of recommending that the President modify the Harmonized Tariff Schedule of the United States pursuant to 19 U.S.C. §§ 3005, 3006(a) to exclude apparel other than "festive articles" from duty-free classification was not

10

"final" agency action for purposes of the APA, and thus Commission's recommendation was not

subject to judicial review under APA); *Dalton v. Specter,* 511 U.S. 462, 469-70, 114 S.Ct.

1719 (1994) (holding that report to the President by the Defense Base Closure and Realignment

Commission was not subject to judicial review because it merely recommended base closures,

and the President had "discretion to approve or disapprove the Commission's report*"); Franklin*

*v. Massachusetts*, 505 U.S. 788, 797-99, 112 S.Ct. 2767 (1992) (holding that the decennial

census report was not subject to judicial review, because it carried "no direct consequences for

the reapportionment," and the President was "not expressly required to adhere to the policy

decision reflected in the Secretary's report"). *A fortiari*, the Secretary's discretionary procedural

decision at this stage of the Commission's investigation cannot be said to have adverse

consequences for a yet-to-be-made Commission determination, let alone for the President's

exercise of discretion under the statute.

Indeed, this Court has repeatedly declined to exercise jurisdiction pursuant to 28 U.S.C. §

1581(i) in the absence of a final agency determination like here.  *See, e.g.*, *Tianjin Magnesium*

*Co. Ltd. v. United* States, 32 CIT 1, 20-23 (2008) (no section 1581(i) jurisdiction challenging

Commerce's decisions to grant extension of time in administrative reviews); *Tokyo Kikai*

*Seisakusho, Ltd. v. United States*, 29 CIT 1380, 186-1291, 403 F. Supp. 2d 1287, 1293-97 (2005)

(no section 1581(i) jurisdiction challenging Commerce decision to self-initiate "changed

circumstances" review); *NSK Ltd. v. United States*, 350 F. Supp. 2d 1128, 1133-35 (Ct. Int'l

Trade 2004) (no section 1581(i) jurisdiction "for an interim decision-making matter"); *Koyo*

*Seiko Co. v. United States*, 13 CIT 461, 463-65, 715 F. Supp. 1097, 1099-1100 (1989) (no

section 1581(i) jurisdiction challenging Commerce decision denying additional period for

comment).  In short, Plaintiffs' amended and supplemental complaint is jurisdictionally defective

for lack of final agency action and should be dismissed accordingly.

Finally, no basis for jurisdiction vests in the statutory provisions governing solely

antidumping and countervailing duty proceedings, and Plaintiffs' references to this provision and

its legislative history are therefore inapposite to the jurisdiction question.[7]  *See* Plaintiffs' Br. at

10-11.  Moreover, Plaintiffs ignore that if Congress had wanted to include safeguard APOs in 19

USC §§ 1677f(c)(2) and 28 U.S.C. 1581(f), it could have but chose not to do so.  Indeed, any

such reference to safeguard APOs is unequivocally absent from the statutory provisions; and

non-existent requirements for safeguard APOs cannot be read into the statutes.

## IV.    Even if the Court Possesses Jurisdiction Pursuant to 28 U.S.C. § 1581(i), the Plaintiffs' Claim is Not Immediately Reviewable Because it is Premature

### A.  There Has Been No Justiciable Final Agency Action

While Plaintiffs style their grievance as being deprived of their counsel of choice

(Plaintiffs' Amended and Supplemental Complaint, ¶¶ 12, 14), their claim in legal reality is that

the Secretary's action will result in inadequate or ineffective representation by Curtis Mallet

counsel.  Even in this light, their claim is purely speculative and premature at this time.

When exercising jurisdiction under 28 U.S.C. § 1581(i), the Court "is to review the

matter as provided in the Administrative Procedure Act", 5 U.S.C. § 706.  *Fedmet Resources*

*Corp v. United States*, 77 F. Supp. 3d 1336, 1339 (Ct. Int'l Trade 2015).  The APA's judicial

review provision authorizes review of "[a]gency action made reviewable by statute and final

agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  It also

states that a "preliminary, procedural, or intermediate agency action or ruling not directly

---

[7] Plaintiffs appear to implicitly recognize as much, in that they do not actually invoke the title VII statutory provisions as a basis for jurisdiction in their amended and supplemental complaint.

reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704.  In other words, there could be review only if the Secretary's decision led to inadequate representation by Curtis Mallet counsel, which in turn led to an adverse final agency action.

The Supreme Court has laid out a two-part test to identify a final agency action. *See Universal Steel Prods., Inc. v. United States*, 495 F. Supp. 3d 1336, 1344 (Ct. Int'l Trade 2021) (*citing Bennet v. Spear*, 520 U.S. 154, 177-178 (Ct. Int'l Trade 1987), *and Franklin v. Massachusetts*, 505 U.S. 788 (1992)).  First, the challenged action must "mark the consummation of the agency's decision-making process;" and second, "the action must be one by which rights or obligations have been determined. *Id* (internal quotations omitted).  Additionally, the Supreme Court has held that an order disqualifying an attorney from serving as counsel in a pending civil case is not a final judgment on the merits and is not subject to immediate appeal. *See Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 426 (1985).  Likewise, the courts have extended this rationale to find that an agency's motion to disqualify is interlocutory and not immediately appealable.  *See, e.g., Law Offices of Seymour M. Chase, P.C. v. F.C.C.,* 843 F.2d 517, 520 (D.C. Cir. 1988); *Community Broadcasting of Boston, Inc. v. FCC,* 546 F.2d 1022 (D.C.Cir.1976) (characterizing, by analogy to district court orders, agency denial of motion to disqualify as interlocutory and not immediately appealable).

As discussed above, courts have dismissed actions for lack of subject matter jurisdiction pursuant to Section 1581(i) where, like here, there has been no final agency action.  In any event, Plaintiffs' assertion that they are entitled to judicial review of the Secretary's APO determination ignores that the Supreme Court has determined that, in even more severe circumstances, the disqualification of counsel is not considered to be a final agency action that is entitled to

immediate review.[8] By analogy, the Secretary's denial of APO access to some of the Curtis

Mallet attorneys cannot be construed as a final action and Plaintiffs' claim, therefore, is not

entitled to review at this time.

**B.      Plaintiffs' Claim is Not Ripe**

"Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of

premature adjudication, from entangling themselves in abstract disagreements over

administrative policies, and also to protect the agencies from judicial interference until an

administrative decision has been formalized and its effects felt in a concrete way by the

challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08,

(2003) (internal quotation marks and citations omitted). A claim is not ripe if it depends

upon "contingent future events that may not occur as anticipated, or indeed may not

occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985).  LG's

claims are not ripe because they depend on future events that may not occur.

Ripeness is determined by evaluating "the fitness of the issues for judicial decision and

the hardship to the parties of withholding court consideration."  *Tokyo Kikai*, 29 CIT at 1286,

403 F. Supp. 2d at 1293 (*citing Abbott Laboratories v. Gardner*, 387 US 136, 148–49 (1967)).

In *Tokyo Kikai*, this Court determined that the initiation by Commerce of a changed

circumstances review did not constitute a final agency action fit for judicial decision and

dismissal of the action would not cause plaintiffs any real hardship, ultimately finding that the

action was not ripe.  Here, Plaintiffs likewise have failed to establish that this issue is fit for

review, as there has been no final agency action, and that they would suffer hardship without

---

[8] By contrast, Congress has explicitly provided for interlocutory review for the
Commission's or Commerce's denial of a request for business proprietary information ("BPI") in
an antidumping or countervailing duty investigation.  19 U.S.C. § 1677f(c)(2).

judicial intervention.

As discussed above in Sections III and IV(A), there has yet to be a final Commission determination, let alone a final Presidential determination regarding whether the CSPV safeguard action "continues to be necessary to prevent or remedy serious injury and whether there is evidence that the [domestic] industry is making a positive adjustment to import competition." *See* 19 U.S.C. §§ 2254(c); 2253(e)(1)(B)(i).  What, if any, significance there might ultimately be to the conditions the Secretary has placed on Curtis Mallet's APO access would be purely speculative at this time, as there is no final agency action to adjudicate.

This court has repeatedly found that cases were not ripe for judicial review when they did not involve a final agency action. *See, e.g. Tianjin Magnesium*, 32 CIT at 20-23, 533 F. Supp. 2d at 1344-47 (Commerce's decisions to grant extension of time for domestic producer to file objection to exporter's request for deferral of administrative review of its entries under antidumping duty order, and resulting rescission of deferral of exporter's review, were not a final agency action ripe for judicial review); *Celik Halat ve Tel Sanayi A.S. v. United States*, 483 F. Supp. 3d 1370, 1378 (Ct. Int'l Trade 2020) (holding that Commerce's preliminary determination was not ripe for review and court intervention risked undue entanglement with the administrative process on the basis of contingent future events); *NSK*, 350 F. Supp. 2d 1133-35 (Court lacked jurisdiction for an interim decision-making matter); *Koyo Seiko,* 13 CIT at 463-65, 715 F. Supp. at 1099-1100 (holding all procedural considerations should be decided by this court when the final agency determination is made). Similarly, the Secretary's decision to condition APO access at this stage of the investigation is not a final Agency action fit for judicial decision.

Plaintiffs also have failed to show undue hardship that would overcome the ripeness hurdle.  Plaintiffs argue that they are "adversely affected and aggrieved" and that the Secretary's

denial of APO access for certain of "Plaintiff's counsel of choice  . . . will greatly harm

Plaintiffs' ability to participate effectively in the Proceeding during the critical coming weeks  . .

. ." Plaintiff Br. at 10.  This is insufficient.  Plaintiffs have failed to articulate a concrete or

particularized injury; instead, Plaintiffs have stated that they "will" suffer harm, without any

supporting evidence.  Plaintiff Br. at 10.  The possibility of future harm is not sufficient to make

a matter ripe for judicial decision.  *See, e.g. Bioparques de Occidente, S.A. de C.V. v. United

States*, 470 F. Supp. 3d 1366, 1372-73 (Ct. Int'l Trade 2020) (holding that a challenge to a final

Commerce determination that had no impact, and may never have an impact, was not ripe);

*Aluminum Extrusions Fair Trade Comm. v. United States*, 968 F. Supp. 2d 1244, 1254 (Ct. Int'l

Trade 2014) (acknowledging that "a claim is not ripe if it is based on contingent future events

that may not occur as anticipated, or indeed may not occur at all").  Furthermore, Plaintiffs'

claim that they are aggrieved because they have been deprived of their chosen counsel is not

persuasive as all Curtis Mallet APO applicants who certified that they did not participate in the

WTO matter were approved for access.  Exhibit 10 of Complaint.  These attorneys include

experienced personnel with over 90 years of collective experience in trade proceedings,

including safeguard proceedings.  *See Staff Biographies* at www.curtis.com.  Indeed, three of

these four attorneys appeared on behalf of LG in both the original and monitoring investigations

regarding the *CSPV* safeguard measure.  EDIS Document No. 615145; EDIS Document No,

685063; EDIS Document 686373.  Additionally, even those four attorneys who were not granted

access to CBI under the APO (because they could not certify as to no involvement in the WTO

matter) may still participate in the extension investigation on behalf of Plaintiffs, including fully

representing LG at the Commission's hearing, which will be public.

In sum, Plaintiffs have failed to demonstrate how they (LG) are aggrieved when there has

been no determination in the proceedings by either the Commission or the President, and when other experienced trade counsel in Plaintiffs chosen firm have been approved for APO access.

## V.  Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted

In order to survive a motion to dismiss pursuant to USCIT Rule 12(b)(6), Plaintiffs must (1) identify the final agency action, (2) show that there are no other adequate remedies in a court, and (3) show that it is plausible that they are entitled to the relief sought for each claim. *See Milecrest Corp. v. United States*, 264 F. Supp. 3d 1353, 1371-72 (Ct Int'l Trade 2017).  In this case, the Plaintiffs have, as discussed above, failed to identify a final agency action, or show that they are entitled to the relief sought.

Plaintiffs' alleged cause of action rests on their broad claim of unspecified harm that they will suffer if certain Curtis Mallet attorneys cannot have access to the CBI in the Commission's investigation.  Plaintiffs Br. at 2.  As discussed above, in Section IV, even the complete disqualification of counsel in a civil or administrative proceeding does not constitute a final agency action that is immediately reviewable.  *See*, *Richardson–Merrell, 472 U.S. at 426;  Law Offices of Seymour M. Chase*, 843 F.2d at 520.  The Secretary's decision here to condition APO access for Curtis Mallet likewise does not "mark the consummation of the agency's decisionmaking process" and therefore also does not constitute a final agency action under the APA.

Furthermore, Plaintiffs have failed to demonstrate that they are entitled to relief as they have not demonstrated a concrete way in which they are aggrieved at this time. Despite the length of their complaint, Plaintiffs, even in their brief, have only offered threadbare and conclusory statements that fail to establish that they are adversely affected or aggrieved by the Secretary's decision.  Rather than provide explicit examples of how the Secretary's conditions

17

upon Curtis Mallet's APO access has resulted in actual concrete harm, Plaintiffs rely on their mantra that they (LG) are harmed by being deprived of "the expert services of their counsel of choice." *See e.g.* Plaintiff Br. at 2, 10; Plaintiffs' Amended and Supplemental Complaint at ¶¶ 2, 12, 14, 23, 24.  As an initial matter, Plaintiffs have hardly been "deprived" of counsel of their choosing, given that the Secretary has granted access to four Curtis Mallet trade lawyers who collectively have decades of experience.  And three of these attorneys appeared on behalf of, and were granted APO access on behalf of, LG in both the original and monitoring *CSPV* safeguard investigations.  EDIS Document No. 615145; EDIS Document No, 685063; EDIS Document 686373.  Moreover, the attorneys without APO access are still able to represent Plaintiffs in this proceeding; in this respect, they are included in the public service list, and may fully represent LG at the Commission hearing, which will be public.[9]  Additionally, even if Plaintiffs' counsel had been disqualified, which they have not, the Supreme Court has acknowledged that litigants can be required to wait to resolve issues involving rights that are viewed as central to the adversarial system.  *See Mohawk Indu., Inc. v. Carpenter*, 558 U.S. 100, 109-110 (2009) (*citing Richardson–Merrell, Inc.* holding).

Therefore, Plaintiffs are not entitled to the relief which they are requesting, as they have not set forth claims that even if true would demonstrate that they are truly aggrieved by the conditions the Secretary had placed on Curtis Mallet's APO access.

Respectfully submitted,

---

[9] Additionally, counsel for Plaintiffs' co-petitioners, who are making the same arguments as Plaintiffs, has APO access and therefore will be able to make all data-specific arguments in support of LG's position.  Indeed, Plaintiffs are on the same petition, arguing the same facts, and requesting the same remedy as another group of similarly situated module producers.

Dominic L. Bianchi
General Counsel

*/s/ Andrea C. Casson*
Andrea C. Casson
Assistant General Counsel for Litigation
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3105
Facsimile: (202) 205-3111

Brian R. Soiset
John D. Henderson
David A. Goldfine
Alexandra M. Felchlin
Attorney-Advisors
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
brian.soiset@usitc.gov
Telephone: (202) 205-3399
john.henderson@usitc.gov
Telephone: (202) 205-2130
david.goldfine@usitc.gov
Telephone: (202) 708-5452
alexandra.felchlin@usitc.gov
Telephone: (202) 708-3061
Facsimile: (202) 205-3111

*Attorneys for Defendants*

Dated: October 4, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| LG ELECTRONICS USA, INC. and<br>LG ELECTRONICS, INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES, THE UNITED STATES<br>INTERNATIONAL TRADE COMMISSION and<br>SECRETARY LISA R. BARTON IN THEIR<br>PROFESSIONAL CAPACITY AS THE<br>SECRETARY OF THE UNITED STATES<br>INTERNATIONAL TRADE COMMISSION,<br><br>          Defendants. | Court No. 21-00520 |

<u>ORDER</u>

Upon consideration of Defendants' motion to dismiss the amended and supplemental complaint, and upon due deliberation, it is hereby

ORDERED that Defendants' motion to dismiss is granted; and it is further

ORDERED that this action is dismissed pursuant to U.S. Court of International Trade Rule 12(b).

_____
JUDGE

Date: _____, 2021
          New York, New York