UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| LG ELECTRONICS USA, INC. and LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, THE UNITED STATES INTERNATIONAL TRADE COMMISSION and SECRETARY LISA R. BARTON IN THEIR PROFESSIONAL CAPACITY AS THE SECRETARY OF THE UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendants. | Court No. 21-00520 |

DEFENDANTS' REPLY IN SUPPORT OF IT MOTION TO DISMISS PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT

Pursuant to Rule 7(d) of the United States Court of Court of International Trade ("CIT" or "Court") and this Court's order of October 7, 2021 (ECF No. 31), defendants U.S. International Trade Commission ("Commission") et. al. respectfully submit this reply in support of their motion to dismiss the complaint filed by Plaintiffs, LG Electronics U.S. Inc. and LG Electronics Inc. (collectively LG) for lack of subject-matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief may be granted.

In Defendants' motion to dismiss, Defendants argued that the Complaint should be dismissed because the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(D) and, alternatively, that if the Court found jurisdiction the case should be dismissed as LG has failed to identify a final agency action or show that it is adversely affected by the

1

conditions the Commission Secretary has placed on Curtis Mallet's administrative protective order ("APO") access.  Plaintiffs' efforts to rebut these arguments fail.

I.      **The Court Lacks Jurisdiction Pursuant to 28 U.S.C. § 1581(i)**

As the Commission articulated in its brief and motion to dismiss, Plaintiffs' have failed to articulate any grounds that would provide jurisdiction pursuant to section 1581(i).  *See e.g*. Response Br. at 23; Mtd. at 3-13.  The Court's jurisdiction pursuant to 28 U.S.C. § 1581(i) is not broad, but, narrow and, as a waiver of sovereign immunity, is strictly construed.  *See generally Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1993); *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  To establish jurisdiction within the narrow circumstances, Plaintiffs are required to show that they meet one of the jurisdiction grounds under the statute, namely a relation to 1581(i)(1)(A)-(C) or subsections (a)-(h).  Response Br. at 4-6.  The Plaintiffs have failed to do that here and seem to concede that there is no jurisdiction under subsection (a)-(h).  Plaintiffs' Reply at 2.

Plaintiffs' reliance on *Corus* to justify an expansion of jurisdiction pursuant to section 1581(i) is misplaced.  Plaintiffs' Reply at 2 and 4.  *Corus* did not involve an interlocutory appeal, but an appeal that arose at the completion of the administrative safeguard process-- an important distinction that Plaintiffs' have neglected.  *See*, *Corus Grp. PLC. v. Int'l Trade Comm'n*, 352 F.3d 1357-60 (Fed. Cir. 2003).  Unable to avail themselves of the plain language of the statute in order to establish section 1581(i) jurisdiction, Plaintiffs mistakenly attempt to rely on this Court's decision in *Corus*.  *See* Plaintiffs' Reply Br. at 2.  In *Corus*, however, this Court invoked section 1581(j) jurisdiction only upon concluding that "Plaintiffs' claim that safeguards are invalid because of an improperly seated Commissioner clearly raises issues regarding whether the ITC properly carried out the laws providing for tariffs, duties, fees, or other taxes on the

importation of merchandise and whether such laws are properly administered." at 1350-51. That is not the case here. As we explained previously, the Federal Circuit has invoked section 1581(i) jurisdiction in limited circumstances (*See* e.g*., Corus*, 217 F.3d 1351, 1356, 1367; *Silfab Solar, Inc. v. United States,* 892 F.3d 1340, 1346 (Fed. Cir. 2018)) where the (1) Commission has made a final injury determination on the merits concerning safeguards and (2) the President has issued a proclamation imposing safeguards. Plaintiffs do not argue, much less show, that those conditions are satisfied here and therefore section 1581(i) jurisdiction is unavailable to them.

Furthermore, the other cases Plaintiffs have relied on to establish jurisdiction pursuant to section 1581(i) for procedural matters all involve inquiries at the end of the administrative process. *See*, e.g., *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89-90 (Fed. Cir. 1985).

As we explained previously, this Court has repeatedly declined to exercise jurisdiction pursuant to 28 U.S.C. § 1581(i) in the absence of a final agency determination like here. *See, e.g.*, *Tianjin Magnesium Co. Ltd. v. United* States, 32 CIT 1, 20-23 (2008) (no section 1581(i) jurisdiction challenging Commerce's decisions to grant extension of time in administrative reviews); *Tokyo Kikai Seisakusho, Ltd. v. United States*, 403 F. Supp. 2d 1287, 1293-97 (CIT 2005) (no section 1581(i) jurisdiction challenging Commerce decision to self-initiate "changed circumstances" review); *NSK Ltd. v. United States*, 350 F. Supp. 2d 1128, 1133-35 (Ct. Int'l Trade 2004) (no section 1581(i) jurisdiction "for an interim decision-making matter"); *Koyo Seiko Co. v. United States*, 715 F. Supp. 1097, 1099-1100 (Ct. Int'l Trade 1989) (no section 1581(i) jurisdiction challenging Commerce decision denying additional period for comment). Plaintiffs' make a half-hearted attempt to distinguish these cases claiming that they involved "certain interim procedural decisions" but did not involve APO access. Plaintiffs' Reply Br. at 9-10. Plaintiffs overlook that the point is not whether APO access is different in

kind from other types of procedural decisions, but rather the point is that in each of these instances the Courts found that section 1581(i) jurisdiction was inappropriate since there was no final agency action on the merits of the underlying investigation. That is exactly the case here since, as we explained in our opening brief, the safeguards extension investigation has just commenced, and the Commission (let alone the President) has taken no action whatsoever on extending or not extending safeguard measures.

## II.     Plaintiffs Have Not Pled Jurisdiction Based on 28 U.S.C. § 1581(f), and Their References to that Provision Do Not Establish Jurisdiction Over this Matter

In their opening brief, Plaintiffs claim jurisdiction under "28 U.S.C. § 1581(i), as well as the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, and 706." Plaintiffs' Br. at 6. In relying on these measures, the Commission pointed out in its response, Plaintiffs implicitly acknowledged that 1581(f) and 1677f(c)(2) were inapposite to safeguard APOs, and their vague reference to those provisions were therefore unavailing. Mtd. at 12. Nevertheless, Plaintiffs continue to cite to these sections but fail to establish how these provisions are applicable in a safeguard proceeding where the statute has expressly omitted similar language. Plaintiffs' Reply at 3.

Moreover, their argument, to force judicial review into a statute that does not allow for it because a similar statute does, makes little sense given the fact that if Congress had wanted to expand jurisdiction in such a manner, they had the tools to do so, but chose not. Contrary to what Plaintiffs suggest, the legislative history does not imply (as it certainly never explicitly states that there is judicial review of APO determinations in safeguard proceedings) that there is a new avenue of judicial review, only that the Commission was to apply similar regulations in safeguard proceedings. Response Br. at 18-20. Mtd. at 12. Plaintiffs, in essence, are asking the Commission to prove a negative when they assert that ""[t}here is no indication in the relevant

legislative history, regulations, or case law, and the Commission has offered no reason to infer, that Congress intended to permit judicial review of APO access in the AD-CVD context, but not in the safeguard context intended to parallel its AD-CVD counterpart." Plaintiffs' Reply at 4. The very absence of language creating judicial authority is sufficient to show that there is nothing that creates judicial review of APO denials in a safeguard proceeding. If Plaintiffs analytical approach were accepted, that would mean that Congress has an obligation to affirmatively state that it is not creating judicial review anytime it does not wish to do so. The law, especially under section 1581(i) is just the opposite: a party seeking to invoke this court's residual jurisdiction must show there is another explicit statutory basis for jurisdiction and cannot simply enlarge the authority of a court. *See*, *Law Offices of Seymour M. Chase, P.C. v. F.C.C.,* 843 F.2d 517, 521 (D.C. Cir. 1988) (rejecting the notion that an agency could create a cause of action by crafting internal rules that expanded appellate authority).

Much like their closing argument that the case should be decided on what their counsel thinks is fair for them, rather than on what the law provides, Plaintiffs seem to be suggesting that the Court should import jurisdiction from a provision that unequivocally does not apply and should not require that they demonstrate that they have suffered any actual harm, because it seems, in their view "fundamental to a fair process." Plaintiffs' Reply at 5.

### III. The Secretary's Determination Does Not Constitute A Final Agency Action

In arguing that the Secretary's determination regarding APO access is a final agency action, Plaintiffs ignore binding precedent and attempt to separate the current issue of APO access from the overall safeguard proceedings to establish finality while saying the Commission has conceded that "there are no other adequate remedies for {Plaintiffs'} injury." Plaintiffs' Reply at 6. To the contrary, as the Commission demonstrated, LG have not shown that it has

been "injured" in a judicially cognizable way. Mtd. at 15-16, 17-18. As the Commission explained in its response brief, having conditions placed on counsel is not in and of itself injury by the ultimate agency action. Response Br. at 34-35. Even if there were a speculative future basis for jurisdiction under prior case law, LG would have to claim and show that the Secretary's conditions on Curtis Mallet's APO access resulted in ineffective or inadequate representation leading to an adverse determination by the President. Mtd. at 13.

What is more, by acknowledging the ability of the Secretary to reconsider her decision based on the new extra-record affidavits that Plaintiffs' counsel has sought to introduce in these proceedings, Plaintiffs appear to be conceding that they may not have exhausted all available administrative remedies.[1] Plaintiffs' Br. at 6. It is absurd that Plaintiffs are faulting the Secretary for failing to reconsider her decision when they have consciously chosen not to put their new facts into the agency's administrative record or to ask the Secretary for reconsideration.

While the Plaintiffs blithely dismiss the binding precedent of *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424 (1985), and *Law Offices of Seymour M. Chase, P.C. v. FCC*, 843 F.2d 517, the Commission cited these very pertinent counsel disqualification cases not for the purpose of addressing the merits of Plaintiffs' claims, but for their discussion of what constitutes final agency action for purposes of establishing jurisdiction under the APA. The fact remains that the Supreme Court has held that held that an order disqualifying an attorney from serving as counsel in a pending civil case is not a final judgment on the merits and is not subject to immediate appeal. *Richardson–Merrell, Inc.,* 472 U.S. at 426. There were no caveats placed on this

---

[1] For reference, by example, in another instance where the Secretary denied an APO applicant access based on a conflict that had been brought to the Secretary's attention, the firm sought reconsideration; the Secretary granted reconsideration and allowed the involved consulting firm APO access so long as the individuals with the conflicts were screened. *See* Defendants' Supplemental Appendix.

holding that required it to be brought by another party to a case or limiting them to non-trade cases where the actions are brought by opposing parties as the Plaintiffs suggest. *Id*. See also, Plaintiffs' Reply Br. at 8.  Plaintiffs appear to have conceded that the APA does not provide a basis for the Court's residual jurisdiction.

Plaintiffs attempt to parse the cases cited by the Commission to show that, even in antidumping ("AD")/countervailing duty ("CVD") cases where there clearly is judicial review, interim procedural decisions by the agency are not even reviewable until the agency has made its ultimate final determination.  Plaintiffs' Reply Br. at 9-11.  Plaintiffs claim that these cases should be ignored because they "did not affect an interested party's ability to participate in the underlying Commission proceeding."  Plaintiffs' Reply Br. at 9.  But, as the Commission has shown in its response brief, neither do the Secretary's APO conditions in this matter affect LG's ability to participate in the underlying Commission proceeding.  Response Br. at 34-35.  Mtd. at 16, 18.  As an initial matter, conditions placed on counsel do not mean the client cannot participate in an investigation.  Response Br. at 34-35.  Mtd. at 16, 18.  Moreover, in this case, other experienced counsel from the same law firm have complete access to confidential business information under the APO; and those attorneys who do not have APO access can still represent LG, including having access to LG's own confidential information, and can fully participate at the Commission hearing, which will be public.  Response Br. at 34-35.  Mtd. at 16, 18.

Plaintiffs seek to be absolved of their responsibility to show actual injury or harm to LG in pursuit of their positions before the agency.  Plaintiffs' Reply Br. at 9-10.  As the Commission explained in its motion, any claim that the conditions the Secretary has placed on Curtis' APO access will affect the outcome of the final administrative decision is speculative.  Mtd. at 15-16. Potential future harm is not sufficient to establish jurisdiction.  *See, e.g. Bioparques de*

*Occidente, S.A. de C.V. v. United States*, 470 F. Supp. 3d 1366, 1372-73 (Ct. Int'l Trade 2020) (holding that a challenge to a final Commerce determination that had no impact, and may never have an impact, was not ripe); *Aluminum Extrusions Fair Trade Comm. v. United States*, 968 F. Supp. 2d 1244, 1254 (Ct. Int'l Trade 2014) (acknowledging that "a claim is not ripe if it is based on contingent future events that may not occur as anticipated, or indeed may not occur at all").

Plaintiffs mischaracterize the Commission's argument, incorrectly alleging that the Commission believes its decisions in safeguard extension proceedings are never reviewable. Plaintiffs' Reply Br. at 11. In fact, the statute and case law are clear: there is a limited and narrow role for judicial review of the Commission's actions in safeguard proceedings, "which are preparatory to, and designed to aid, presidential action." *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89-90 (Fed. Cir. 1985). Specifically, "for a court to interpose, there has to be a clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority." *Id.* The Commission has <u>not</u> argued that there cannot be judicial review if one of these criteria is met and the Commission's underlying safeguard determination is implicated. But review under these established standards can be had only upon a final action by the President. Mtd. at 3, 10, 14-15

In expressing their concerns about what would be entailed if they waited until a final determination (Plaintiffs' Reply Br. at 10), Plaintiffs conflate the core jurisdictional question—whether Section 1581(i)(1)(D) forms a basis for examination of "administration and enforcement" with respect to non-final matters that might at some time come within the Court's jurisdiction—with Plaintiffs' supposed concerns about the practical implications of applying the finality principles. Plaintiffs again overlook the limited and narrow nature of judicial review for safeguard actions. This confined nature of judicial oversight in safeguard proceedings is not

altered by the hypothetical nature of how the agency might have to respond were it ultimately found to have acted outside these parameters.  Moreover, Plaintiffs appear to admit that actual harm resulting from the Secretary's conditions on Curtis' APO access will not occur.  Plaintiffs' Reply Br. at 11.  (Third, the Commission's argument is to wait for something that will <u>never</u> come).  (Emphasis added).

## IV.     Conclusion

For these reasons, we respectfully request that the action be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

Dominic L. Bianchi
General Counsel

<u>/s/ Andrea C. Casson</u>
Andrea C. Casson
Assistant General Counsel for Litigation
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3105
Facsimile: (202) 205-3111

Brian R. Soiset
John D. Henderson
David A. Goldfine
Attorney-Advisors
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
brian.soiset@usitc.gov
Telephone: (202) 205-3399
john.henderson@usitc.gov
Telephone: (202) 205-2130
david.goldfine@usitc.gov
Telephone: (202) 708-5452

        alexandra.felchlin@usitc.gov
        Telephone: (202) 708-3061
        Facsimile: (202) 205-3111

*Attorneys for Defendants*

Dated: October 8, 2021